**JS-6**   **'O'**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| CENORINA GUERRERO, | CV 22-cv-04684-RSWL-SKx |
|---|---|
| Plaintiff, | **ORDER re:DEFENDANT'S MOTION to Dismiss [15]** |
| v. | |
| JPMORGAN CHASE BANK, N.A., | |
| Defendant. | |

Plaintiff Cenorina Guerrero ("Plaintiff") brings this Action against Defendant JPMorgan Chase Bank, N.A. ("Defendant") alleging 1) fraud, 2) breach of contract, 3) breach of the covenant of good faith and fair dealing, 4) unjust enrichment, and 5) money had and received. Currently before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint ("Motion") [15].

Having reviewed all papers submitted pertaining to the Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **GRANTS** Defendant's Motion to Dismiss **WITHOUT**

1

**LEAVE TO AMEND.**

## I. BACKGROUND

### A. Factual Background

The Complaint alleges:

Plaintiff is an individual owning real property and living in Pomona, California. Compl. ¶ 1, ECF No. 1. Defendant is a corporation doing business in California. Id. ¶ 2. In 2008, Plaintiff applied for a Home Equity Line of Credit (the "HELOC") at Washington Mutual Bank. Id. ¶ 7. Plaintiff withdrew $70,000 from the HELOC and converted the funds to a conventional loan. Id. Plaintiff paid the loan off and maintained $250,000 in credit. Id. ¶ 8.

In 2012, the HELOC was assigned to Defendant. Id. ¶ 9. Even though Plaintiff never withdrew or received funds from the HELOC after her initial $70,000 withdrawal, Plaintiff received notice of default on a loan from the HELOC in the amount of $250,000. Id. ¶ 10. When Plaintiff received the notice, Plaintiff paid the amount in default. Id. ¶ 11. Plaintiff initially paid $9,259 and since then has continuously paid $650 monthly. Id. ¶ 22. Plaintiff has suffered harm in being forced to make payments on a loan she never withdrew or received funds from. Id.

### B. Procedural Background

On August 5, 2021, Plaintiff filed her Complaint in the Superior Court of California, County of Los Angeles. On June 10, 2022, Defendant was served. On July 8,

2

2022, Defendant filed a notice of removal [1].

On November 14, 2022, Defendant filed the instant Motion [15]. Plaintiff did not file any opposition.

## II. DISCUSSION

### A. Legal Standard

Federal Rule of Civil Procedure ("Rule") 12(b)(6) allows a party to move for dismissal on one or more claims if a pleading fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Fed. R. Civ. P. 8(a). Dismissal is proper "where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008) (citing Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). While a complaint need not contain detailed factual allegations, it must provide more than mere "labels and conclusions" or "a

1  formulaic recitation of the elements of a cause of
2  action." Twombly, 550 U.S. at 555. The plaintiff must
3  allege enough facts "to raise a right to relief above
4  the speculative level." Id. In evaluating a
5  Rule 12(b)(6) motion, a court must take all well-pleaded
6  allegations of material fact as true and construe them
7  in the light most favorable to the nonmovant. Great
8  Minds v. Off. Depot, Inc., 945 F.3d 1106, 1109 (9th Cir.
9  2019). A court may generally consider only "the
10 complaint itself and its attached exhibits, documents
11 incorporated by reference, and matters properly subject
12 to judicial notice." In re NVIDIA Corp. Sec. Litig.,
13 768 F.3d 1046, 1051 (9th Cir. 2014).
14      "When the running of the statute [of limitations]
15 is apparent from the face of the complaint . . . the
16 defense may be raised by a motion to dismiss." Conerly
17 v. Westinghouse Elec. Corp., 623 F.2d 117, 119 (9th Cir.
18 1980).
19 **B.  Discussion**
20      Defendant seeks to dismiss Plaintiff's five claims:
21 1) fraud; 2) money had and received; 3) unjust
22 enrichment; 4) breach of contract; and 5) breach of the
23 covenant of good faith and fair dealing.
24 See generally Def.'s Mot. to Dismiss ("Mot."),
25 ECF No. 15.
26 ///
27 ///
28 ///

      1. <u>Plaintiff's Fraud, Money Had and Received, and Unjust Enrichment Claims Are Barred by the Statute of Limitations</u>[1]

To determine the applicable statute of limitations, a court does not look to the form the action takes, but instead the substance and the nature of the right that has been violated. <u>Ponti v. Farrell</u>, 194 Cal. App. 2d 676, 683 (1961). A plaintiff must bring an action for relief on the ground of fraud or mistake within three years from the date of when a plaintiff discovers the facts constituting fraud or mistake. Cal. Code Civ. Proc. § 338(d). Furthermore, the limitations period for section 338, subdivision (d) begins to run when the aggrieved party could have discovered the fraud or mistake through the exercise of reasonable diligence. <u>Sun 'n Sand, Inc. v. United Cal. Bank</u>, 21 Cal. 3d 671, 701 (1978).

Here, Plaintiff discovered the facts constituting her fraud claim when, in September 2012, Defendant sent Plaintiff "notice of default on a loan for $250,000 from the HELOC." Compl. ¶ 10. Defendant's only alleged misrepresentation occurred in 2012, which is about nine years before Plaintiff filed her Complaint on August 5, 2021. <u>Id.</u> ¶ 13. Given that Plaintiff did not file her

---

[1] Defendant argues Plaintiff's fraud claim should also be dismissed for lacking particularity. <u>See</u> Mot. at 11:6-12:6. Given that the Court dismisses the fraud claim on statue of limitation grounds, the Court does not consider whether the fraud claim was pled with particularity.

5

Complaint within three years of discovering the facts constituting her fraud claim, Plaintiff's fraud claim is time barred.

If the claim pled is money had and received, but the substance of the claim is for fraud or mistake then the statute of limitations that controls is section 338, subdivision (d). Creditors Collection Serv. v. Castaldi, 38 Cal. App. 4th 1039, 1043 (1995). "The section 338, subdivision (d), three-year statute of limitations applies to an unjust enrichment cause of action based on mistake" or fraud. Fed. Deposit Ins. Corp. v. Dintino, 167 Cal. App. 4th 333, 348 (2008).

Here, fraud or mistake is the basis for the legal injury of Plaintiff's money had and received and unjust enrichment claims. See Compl. ¶¶ 31-37. The substance of the two claims is Defendant's alleged mistake or fraud in sending Plaintiff a notice of default in 2012. See id. Given that the substance of the two claims is based in fraud or mistake, the controlling statute of limitations is Code of Civil Procedure section 338, subdivision (d). See Creditors Collection Serv., 38 Cal. App. 4th at 1043. Similar to the fraud claim, given that the alleged fraud or mistake occurred in 2012 but the Complaint was not filed until 2021, the money had and received and unjust enrichment claims are time barred by section 338, subdivision (d).

Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss on Plaintiff's fraud, money had and received,

6

and unjust enrichment claims.

### 2. Plaintiff's Breach of Contract and Breach of the Covenant of Good Faith and Fair Dealing Claims Are Barred by the Statute of Limitations

In determining the controlling limitations period, a court looks to the nature of the claims. Krieger v. Nick Alexander Imps., Inc., 234 Cal. App. 3d 205, 220 (1991). Contracts as well as obligations or liabilities founded upon a written instrument, are governed by a four-year statute of limitations period. Cal. Code Civ. Proc. § 337. Likewise, an action for breach of implied covenant of good faith and fair dealing is controlled by the four-year limitations period for an action arising on a written contract. Krieger, 234 Cal. App. 3d at 220.

Here, Plaintiff had a contract with Washington Mutual Bank in 2008 for a HELOC. Compl. ¶ 7. The contract was assigned from Washington Mutual Bank to Defendant. Id. ¶ 9. Plaintiff's breach of contract and breach of the covenant of good faith and fair dealing claims are based on the notice of default received in 2012. Id. ¶ 17-30. Looking at the nature of the claims, Plaintiff's breach of contract and breach of the covenant of good faith and fair dealing are governed by a four-year statute of limitations. Cal. Code Civ. Proc. § 337; see Krieger, 234 Cal. App. 3d at 220.

Ordinarily in both tort and contract cases, "the

statute of limitations begins to run upon the occurrence of the last element necessary to the cause of action." Id. at 221.  In a contract action, the claim generally accrues at the time of breach.  Whorton v. Dillingham, 202 Cal. App. 3d 447, 456 (1988).  The discovery rule provides that the claim does not accrue until the plaintiff discovers or reasonably should discover the existence of the claim.  Neel v. Magana, Olney, Levy, Cathcart & Gelfand, 6 Cal. 3d 176, 194 (1971).

As seen in the Complaint, Plaintiff was not in breach when Defendant sent Plaintiff notice of default. Id. ¶ 8, 10.  In 2012, Plaintiff became aware of Defendant's breach when Plaintiff received the notice of default.  Given that a claim generally accrues at the time of breach, Plaintiff's breach of contract and breach of the covenant of good faith and fair dealing claims accrued in 2012.  Since the breach occurred in 2012, but the Complaint was not filed until 2021, Plaintiff missed the four-year statute of limitations period.  See Cal. Code Civ. Proc. § 337.  Therefore, the breach of contract and breach of the covenant of good faith and fair dealing claims are time barred by California Code of Civil Procedure § 337.

Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss on Plaintiff's breach of contract and breach of the covenant of good faith and fair dealing claims.[2]

---

[2] The continuous accrual doctrine does not prevent Plaintiff's claims from being time barred.  The doctrine applies

1       3. <u>Local Rule 7-12</u>

2      Local Rule 7-12 reinforces the conclusion that
3 Plaintiff has not sufficiently alleged that her claims
4 are timely brought. Local Rule 7-12 states in pertinent
5 part: "failure to file any required document, or the
6 failure to file it within the deadline, may be deemed
7 consent to the granting or denial of the motion."
8 C.D. Cal. Local Civ. R. 7-12. In assessing whether this
9 rule applies and a court should grant an unopposed
10 motion, the Ninth Circuit considers the following five
11 factors: (1) the public's interest in expeditious
12 resolution in litigation; (2) the court's need to manage
13 its docket; (3) the risk of prejudice to the defendants;
14 (4) the public policy favoring disposition of cases on
15 their merits; and (5) the availability of less drastic
16 sanctions. <u>Pagtalunan v. Galaza</u>, 291 F.3d 639, 642 (9th
17 Cir. 2002). This test for dismissal is "a disjunctive

---

when "a series of wrongs or injuries may be viewed as each triggering its own limitations period, such that a suit for relief may be partially time barred as to older events but timely as to those within the applicable limitations period." <u>Aryeh v. Canon Bus. Sols., Inc.</u>, 55 Cal. 4th 1185, 1192 (2013). Here, some of Plaintiff's monthly loan payments have been made within the applicable limitations period. However, "if the alleged recurring injuries during the limitations period 'arose out of a single transaction' that occurred before the limitations period, the continuous accrual doctrine does not apply." <u>Ryan v. Microsoft Corp.</u>, 147 F. Supp.3d 868, 895-96 (N.D. Cal. 2015). Here, the continuous accrual doctrine does not apply because all of Plaintiff's claims stem from a single transaction, the notice of default sent in 2012. See <u>Ramos v. Wells Fargo Bank, N.A.</u>, No. 18-cv-00762-VKD, 2018 U.S. Dist. LEXIS 103491, at *10 (N.D. Cal. June 19, 2018) (holding that the continuous accrual doctrine did not apply to time barred claims because the claims stemmed from a single loan with a definitive dollar value).

9

balancing test, so not all five factors must support dismissal." Sowinski v. Cal. Air Res. Board, No. SACV 15-2123-JLS (JCGx), 2016 WL 5886902 (C.D. Cal. Aug. 18, 2016) (citing Valley Eng'rs Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998)).

      a.  *The Public's Interest in Expeditious Resolution of Litigation*

Here, as to the first factor, the public's interest in expeditious resolution of litigation always favors dismissal. Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). Thus, this factor weighs in favor of dismissal.

      b.  *The Court's Need to Manage Its Docket*

Second, the Court's need to manage its docket depends on whether the delay in a particular case interferes with docket management and the public interest. Pagtalunan, 291 F.3d at 642. Here, Plaintiff's failure to file a response or request an extension indicates that the Plaintiff does not intend to prosecute the action against Defendant. See Balsin v. Equable Ascent Fin., LLC, CV 11-01113 MMM (FMOx), 2011 WL 13218018 at *2 (C.D. Cal. May 12, 2011) (finding in favor of dismissal where plaintiff's inattention and nonresponsive behavior suggests further litigation would waste the court's valuable resources). Thus, this factor weighs in favor of dismissal.

      c.  *The Risk of Prejudice to Defendant*

Next, to prove risk of prejudice, a defendant must

establish that a plaintiff's actions impaired a defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case. Pagtalunan, 291 F.3d at 642 (citing Malone v. U.S. Postal Serv., 833 F.2d 129, 131 (9th Cir. 1987)). Here, Plaintiff neither provides an explanation for its failure to file an opposition nor requests an extension to do so. See, e.g., Foster v. Jacquez, No. CV 09-01406 JFW, 2009 WL 1559586, *3 (C.D. Cal. May 28, 2009) ("Where a party offers a poor excuse for failing to comply with a court's order, the prejudice to the opposing party is sufficient to favor dismissal."); Grubb v. Hernandez, No. ED CV 06-00807SJOAJW, 2009 WL 1357411 at *2 (C.D. Cal. May 1, 2009) ("In the absence of a showing to the contrary, prejudice to defendants or respondents is presumed from unreasonable delay [for the purpose of Local Rule 7-12]."). Therefore, this factor weighs in favor of dismissal.

        d. *The Public Policy Favoring Disposition of Cases on Their Merits*

Fourth, public policy favors disposition of cases on the merits, and therefore, this factor generally weighs against dismissal. Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998). This presumes, however, that the plaintiff "has manifested a diligent desire to prosecute his or her claims." Ewing v. Ruano, No. CV 09-08471 VAP, 2012 WL 2138159 at *2 (C.D. Cal. June 12, 2012). Here, Plaintiff has neither

filed a timely opposition nor applied for an extension to file an opposition. See id. (finding this factor favored dismissal where plaintiff failed to file a timely opposition or apply for an extension). Thus, this factor weighs in favor of dismissal.

   e. *The Availability of Less Drastic Sanctions*

Finally, this factor "ordinarily counsels against dismissal" unless the court gave plaintiff an opportunity to avoid dismissal, in which case no lesser sanctions are available. Sperow v. Ponce, No. CV 19-10525-KS, 2020 WL 3100645 at *2 (C.D. Cal. June 11, 2020). Here, the Court did not offer Plaintiff an opportunity to avoid dismissal, nor did it find it necessary to consider the availability of other less drastic alternatives. See Pagtalunan, 291 F.3d at 643 (finding this factor weighed against dismissal because the court did not consider the lesser alternative of imposing sanctions). Therefore, this factor weighs against dismissal.

Of the five factors, four factors weigh in favor of dismissal. Thus, the Court dismisses the Complaint against Defendant pursuant to Local Rule 7-12.

  4. <u>Leave to Amend</u>

"The court should give leave [to amend] freely when justice so requires." Fed. R. Civ. P. 15(a)(2). In the Ninth Circuit, "Rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" United States v. Webb, 655 F.2d 977, 979

(9th Cir. 1981).  Against this liberal standard, the Court may consider "the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility."  Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001).  While the Ninth Circuit has "stressed Rule 15's policy of favoring amendments," leave need not be granted where amendment would be "an exercise in futility."  Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989).

    Here, allowing Plaintiff to amend her Complaint would be futile because Plaintiff has not indicated the existence of any additional facts that would avoid her claims being time barred.  See Austin v. Medicis, 21 Cal. App. 5th 577, 597 (2018) (holding that claims were properly dismissed without leave to amend because they were "time barred" and there was no "reasonable possibility amendment would cure the problem.").  Given that Plaintiff's claims against Defendant all arise from an alleged fraudulent act by Defendant in 2012, Plaintiff's claims cannot be cured through amendment.  Accordingly, leave to amend would be futile.  See Nat'l Funding, Inc. v. Com. Credit Counseling Servs., Inc., 817 F. App'x 380, 385 (9th Cir. 2020) (affirming district court's denial of leave to amend because no additional facts are available that would support plaintiff's claim to cure its deficiencies).  Therefore, the Court **GRANTS** Defendant's Motion to Dismiss **WITHOUT LEAVE TO AMEND.**

### III. CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendant's Motion to Dismiss **WITHOUT LEAVE TO AMEND.**

**IT IS SO ORDERED.**

DATED: March 3, 2023      /s/Ronald S.W. Lew
                                      **HONORABLE RONALD S.W. LEW**
                                      Senior U.S. District Judge